IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW McGRATH #1852772 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv812 |
| JUDGE TRENTIN FARRELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Matthew McGrath, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. McGrath's amended complaint names as Defendants Judge Eddie Northcutt, Rains County district attorney Robert Vititow, and defense attorney Roland Ferguson.

**I. Background**

McGrath complained that Judge Northcutt aided and abetted in obstructing justice by allowing criminal prosecutions to commence in his court without appropriate records of county jurisdiction procedures or confirmation that legal counsel had attached. He claims Judge Northcutt aided and abetted court officials in performing official misconduct and violated McGrath's right to equal protection by denying a request to obtain disclosure used by opposing counsel.

Next, McGrath contends that District Attorney Vititow obstructed justice, displayed official misconduct, and committed fraud by filing a "true bill" even after a request was made to the Rains County Prosecutor's Office under the Freedom of Information Act. McGrath states that Vititow refused to "unveil a non-sealed disclosure of information relevant to the convicting court's trial record as well as due process and due course of law under our constitution amendment [sic] along

1

with the State's own constitution as to Article 1.03 Chapters 2, 15, 16, 19, and 20 of the T.C.C.P. [Texas Code of Criminal Procedure]. In [sic] further violates Plaintiff's 5th, 6th, and 14th Amendment."

McGrath asserts that his defense attorney Roland Ferguson gave or allowed false information with malice and refused to disclose probable cause elements in judicial proceedings. He claims Ferguson violated his constitutional rights by obstructing justice, committing perjury, and failed to challenge the composition of the grand jury. Although Ferguson is a private individual, McGrath asserts that the attorney was a willful participant with the state prosecutor to obtain a plea bargain and conviction of the charge alleged.

Although McGrath stated that he was aware of judicial and prosecutorial immunity, he argued these did not apply because he "can show by testimony and proof of record that the immunity is overcome by the grand jury procedures and selections are out of judge's liability. It's non-judicial because it's before district court retains power, and though it's judicial in nature, it's taken in complete absence of all jurisdiction." He goes on to state that he overcomes prosecutorial immunity because "his approach to administrative or investigative acts which is required by the grand jury and its panel to extensively perform before indict [sic]." McGrath cites *Burns v. Reed*, 500 U.S. 478, 493, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991), in which the Supreme Court held that a prosecutor had absolute immunity for an appearance in court in support of an application for a search warrant and the presentation of evidence during that appearance was protected by absolute immunity, but the act of giving legal advice to the police was not protected by absolute immunity.

McGrath argued that his conviction is fraudulent and obtained without due course of law. He asked that he be returned to his county of conviction while a federal investigation is conducted of the grand jury procedures in Rains County.

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report stating that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused

by actions which would render a conviction or sentence invalid, a plaintiff under 42 U.S.C. §1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*). The Magistrate Judge determined that McGrath's claims implicated the validity of his conviction and recommended that the lawsuit be dismissed with prejudice to the claims being asserted again until McGrath met the *Heck* prerequisites.

McGrath argued in his amended complaint that a *Heck* bar does not apply because he "filed this claim before final disposition on his state habeas corpus along with in his direct appeal, the Court of Appeals showed the 1st prong of *Strickland* was proven but the second wasn't. This shows an invalidation on direct appeal."[1] The Magistrate Judge observed that when McGrath appealed his conviction, the state appellate court held that counsel erroneously advised McGrath to waive his right to a jury trial on punishment, thus satisfying the first prong of *Strickland*, but that McGrath failed to show prejudice and thus did not satisfy the second prong. As a result, the judgment of conviction was affirmed. *McGrath v. State*, slip op. no. 12-13-00128-CR, 2014 WL 1677914 (Tex.App.-Tyler, April 23, 2014, pet. ref'd). McGrath's state habeas application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing. *Ex Parte McGrath*, no. WR-83,765-01 (Tex.Crim.App., March 2, 2016). A second state habeas application was dismissed as successive on June 1, 2016. However, because McGrath's conviction was upheld on direct appeal and his applications for state habeas corpus relief were denied, the Magistrate Judge rejected McGrath's assertion that *Heck* did not apply.

---

[1] In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that to establish a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that his counsel's performance was deficient and that he was actually prejudiced as a result.

**III. McGrath's Objections**

After summarizing his claims, McGrath argues that there are no records of grand jury proceedings to show what process was ever done, and that he has requested to examine "any and all statements of any and all witnesses before a grand jury along with the minutes as well which indicted him/them, and all documents, photographs, and other tangible items, exhibits to the grand jury." He cites Federal Rule of Criminal Procedure 6(a)(1), relating to grand juries in federal criminal prosecutions, and maintains that a defendant may challenge a grand jury on the ground that the jurors were not legally qualified or were improperly selected. He contends that grand juries must be made up of a fair cross-section of the population.

Next, McGrath asserts that prosecutors are obligated to refrain from certain improper conduct while bringing and presenting the government's case, including deceiving the grand jurors about the quality of hearsay testimony, stating that the defendant is "a real hoodlum," accusing the defendant of crimes not investigated by the grand jury, and allowing government agents to make false and misleading statements. He complains that the judge arbitrarily empaneled a grand jury and then acted as an investigator during the grand jury proceeding.

McGrath states that he sought a declaratory judgment and a preliminary and permanent injunction ordering the defendants to stop all orders executed upon him and a return to the jurisdiction where the prosecution commenced while a full-scale investigation is performed on the county's records, as well as compensatory and punitive damages plus court costs.

McGrath contends that the alleged violation occurred before any judgment of conviction or challenge to the grand jury proceedings, which would not necessarily imply the invalidity of his conviction or shorten the duration of his confinement. He argues that judges are not immune from injunctive relief and that judicial immunity does not extend to ministerial or administrative actions. McGrath alleges that courts will not reverse convictions or dismiss indictments post-conviction for violations of grand jury procedures, but acknowledges that he has filed a petition seeking federal habeas corpus relief concerning his conviction.

4

McGrath further maintains that prosecutors can abuse their special relationship with the grand jury and states that grand juries are "an appendage of the Court," powerless themselves to compel the testimony of witnesses. He discusses the standards for release of grand jury testimony and contends that it is improper for a government attorney to act as both prosecutor and witness as to material facts before the grand jury. He states that a prosecutor's misconduct in attempting to discover whether a boot print found at the scene of the crime was left by the defendant was an investigatory, administrative function for which the prosecutor was entitled only to qualified immunity and that a prosecutor's calling the grand jury to consider allegedly false evidence produced by their investigative work did not retroactively transform that work from administrative to prosecutorial. McGrath concludes by again stating that his lawsuit does not challenge the judgment and sentence, rendering *Heck* inapplicable. Alternatively, he asks that the complaint not be dismissed but be stayed until his federal habeas corpus petition is resolved.

## IV. Discussion

The Fifth Circuit has held that an equal protection challenge to the selection of the grand jury can be grounds for federal habeas corpus relief. *Woodfox v. Cain*, 772 F.3d 358, 363 (5th Cir. 2014), *cert. denied*, 136 U.S. 38, 193 L.Ed.2d 26 (2015). Under Texas law, a challenge to an indictment based upon the claim that it was not returned by a lawfully chosen or empaneled grand jury takes the form of an exception to the form of the indictment. Tex. Code Crim. Pro. §27.09. McGrath complains that his attorney, Roland Ferguson, failed to challenge the grand jury and "was a willful participant with the state prosecutor to obtain a plea bargain and conviction," which is in effect a claim of ineffective assistance of counsel. Were McGrath to prove that the grand jury which indicted him was unlawfully empaneled, the judge and the prosecutor committed misconduct, and his attorney rendered constitutionally ineffective assistance by failing to object and working with the prosecutor to get McGrath convicted, the validity of his conviction and sentence would be called into doubt. *See Perez v. United States*, 481 F.App'x 203, 2012 WL 2938060 (5th Cir., July 19, 2012) (state prisoner's allegation that his indictment was obtained by fraud is barred by *Heck*). The

Magistrate Judge correctly concluded that McGrath's claims are likewise barred by *Heck*. As such, the complaint should be dismissed. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (stating that "a preferred order in *Heck* cases decrees 'Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'") McGrath's objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until the *Heck* conditions are met - in other words, until such time as McGrath can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **6** day of **March, 2017.**

_____
Ron Clark, United States District Judge